HOOPER *v.* HIGHTOWER, EXECRX., ET AL.

[No. 17,802. Filed October 26, 1948. Transfer denied March 4, 1949.]

*Howard R. Hooper,* of Indianapolis for appellant.

*Robert Lee Brokenburr,* of Indianapolis, for appellees.

FLANAGAN, J.—This is an action to construe the will of Oscar Vernon Hightower, deceased. The evidence is stipulated.

The pertinent parts of the will are as follows:

"ITEM V. I hereby give and bequeath to my said beloved wife three-fifths of my business known as Cottage Dye House, situated at 641 East 42nd Street, Indianapolis, Indiana. This includes all furniture, fixtures and personal property used in connection with the operation of said business and goodwill thereof and all accounts receivable.

"ITEM VI. The remaining two-fifths of said business mentioned in ITEM V of this Will I hereby give and bequeath to my cousin, MYRTLE WATTS HOOPER.

"ITEM VII. I hereby give and bequeath to my cousin MYRTLE WATTS HOOPER at least $2,000.00 and not more than $3,000.00, the exact amount to be determined by my beloved wife aforesaid.

"ITEM VIII. All the rest and residue of my cash money, money on deposit and wherever located I hereby give and bequeath to my beloved wife, NETTIE W. HIGHTOWER.

"ITEM XII. All the rest and residue of my property, real, personal and mixed wheresoever situate or located I hereby give, bequeath and devise to my beloved wife aforesaid."

The question presented is whether or not appellant, Myrtle Watts Hooper, received by the above provisions of this will two-fifths of the sum of money which on the death of the decedent was on deposit at a certain bank in the name of Cottage Dye House.

The evidence shows that at the time of his death the decedent was the sole owner of a business known as Cottage Dye House situated at 641 E. 42nd Street in the City of Indianapolis. It shows further that the decedent had a safety deposit box in the name of himself and wife and two bank accounts in his own name in addition to the account in question. The account in question was used in connection with the running of the business of Cottage Dye House but he also at intervals wrote checks on it for his personal needs and to pay living expenses and to make deposits in other banks.

Appellees have suggested that the appeal is from a negative judgment and that nothing is presented by appellant whose sole proposition challenges the sufficiency of the evidence. It is true that there is a negative judgment but there is also a positive judgment on appellees' cross-complaint, and the issues joined on the cross-complaint and the issues joined on the complaint presented the same question.

It was contended in the trial court by appellant that since the account in question was in the name of the business, was used in connection with the business, and is personal property, two-fifths of it was bequeathed to appellant under Item six of the will.

It must be remembered that the cardinal purpose in the construction of a will is the ascertainment of the intention of the testator. In the instant case the intention of the testator seems clear without resort to technical definitions of words or phrases. In Items five and six of his will the testator

bequeaths his business three-fifths to his wife and two-fifths to his cousin. He specifically calls attention to the fact that these bequests include all the furniture, fixtures and personal property used in connection with the operation of the business, its goodwill and accounts receivable.

There is no question but what a bank account is personal property. The account in question was as much a part of the business as any of its other assets. The mere fact that the decedent occasionally wrote checks on it for personal needs does not change its general nature.

Judgment reversed with instructions to sustain appellant's motion for a new trial and for all other proper relief.

Royse, C. J., not participating.

NOTE.—Reported in 81 N. E. 2d 707.